UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINA PINA,<br><br>                           Plaintiff,<br><br>v.<br><br>MARTINE PINA,<br><br>                           Defendant. | Case No.: 25-CV-386 JLS (SBC)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Marcelina Pina's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2). Having carefully considered Plaintiff's Complaint, Application and the applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Application and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

The Court cannot find that Plaintiff has alleged with sufficient certainty that she would be unable to afford the necessities of life should she be required to pay the requisite filing fee. Plaintiff indicates that her monthly income consists exclusively of $2,500 in child support, IFP Appl. at 1, but the Court finds this assertion directly contradicted by the Complaint, which alleges that, "to this day not even a dollar was and has been collected from the outstanding debt" owed by the father of Plaintiff's three children, Compl. at 5. It is thus unclear if Plaintiff is actually receiving any income each month, and if so, how much she is receiving. Plaintiff further indicates that she has monthly expenses of $1,000 for food and $200 for utilities, but she left blank the space available to enter rent or mortgage payments. IFP Appl. at 4. Despite the above entries, Plaintiff lists $0 as her total monthly income and $0 as her total monthly expenses, *id.* at 2, 5, and she leaves blank numerous other questions, all of which require a response.

"Without further explanation, '[i]t is not apparent how Plaintiff is obtaining the necessities of life, and in turn whether this source of funds—if it exists—can cover the required filing fee in this action.'" *Turner v. City of San Diego*, No. 23-CV-29 TWR (NLS), 2023 WL 163492, at *1 (S.D. Cal. Jan. 10, 2023) (quoting *Herta v. Wiblemo*, No. 22-CV-1679-BAS-BGS, 2022 WL 17573923, at *2 (S.D. Cal. Nov. 7, 2022)). Given the internal and external inconsistencies presented by Plaintiff's IFP Application—and the lack of detail Plaintiff provides regarding her income and expenses—the Court finds that Plaintiff has not satisfied her burden to show that her financial condition warrants lifting the filing fee requirement. Accordingly, the Court **DENIES** Plaintiff's IFP Application. Said denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP application that cures the above-noted deficiencies. If Plaintiff wishes to refile her IFP application, she "should note that the IFP application specifically instructs applicants not to leave any blanks, and to instead response [sic] '0,' 'none,' or 'not applicable (N/A)' as necessary." *Herta*, 2022 WL 17573923, at *2.

/ / /

/ / /

# CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. § 1914(a); and

3. Plaintiff is **GRANTED** an additional <u>thirty (30) days</u> from the date on which this Order is electronically docketed to either (1) pay the entire $405 statutory and administrative filing fee, or (2) file a new IFP application alleging that she is unable to pay the requisite fee. *Should Plaintiff fail to either pay the filing fee or file a new IFP application, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action without prejudice*.

**IT IS SO ORDERED.**

Dated: March 24, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge