UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINA PINA,<br><br>       Plaintiff,<br><br>v.<br><br>MARTINE PINA,<br><br>       Defendant. | Case No.: 25-CV-386 JLS (SBC)<br><br>**ORDER (1) DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND (2) ORDERING PLAINTIFF TO SHOW CAUSE**<br><br>(ECF No. 5) |

  Presently before the Court is Plaintiff Marcelina Pina's Request for Appointment of Counsel ("Req.," ECF No. 5). Having carefully considered Plaintiff's Request and the law, the Court **DENIES** Plaintiff's Request for the reasons that follow.

## BACKGROUND

  Plaintiff, who is proceeding pro se, initiated this action on February 21, 2025, by filing a Complaint utilizing this district's form complaint. *See* ECF No. 1 ("Compl."). She appears to raise a claim under 18 U.S.C. § 228, a criminal statute making unlawful failure to pay legal child support obligations when certain conditions are met related to the interstate nature of the unpaid obligation. The Court denied Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 4, and then about one month later, Plaintiff paid the required $405 filing fee, ECF No. 6. She also concurrently filed the instant Request, asking to add the attorney Andre Rios Bollinger to her case. *See* Req.

## LEGAL STANDARD

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Rather, the appointment of counsel in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citing *Wright v. Rhay*, 310 F.2d 687 (9th Cir. 1962)). And, while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), "[a] finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

"The decision to request counsel pursuant to § 1915(e)(1) first requires that the plaintiff has been determined eligible to proceed pursuant to the IFP statute due to his indigency." *Moses v. U.S. Dist. Ct. S. Dist. of Cal.*, No. 15-cv-01793 BEN (RBB), 2015 WL 13238665, at *2 (S.D. Cal. Nov. 20, 2015) (citing *Agyeman*, 390 F.3d at 1103). Although 28 U.S.C. § 1915(a) does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

## ANALYSIS

Plaintiff is not proceeding IFP and has failed to file an affidavit alleging that she would be unable to afford the necessities of life if she is to pay court costs. On that ground alone, Plaintiff's Motion can be denied. But regardless of whether Plaintiff is indigent such

that she would be unable to afford both counsel to represent her in this matter as well as the "necessities of life," *Escobeda*, 787 F.3d at 1234, the Court finds that Plaintiff has failed to demonstrate exceptional circumstances warranting the appointment of counsel at this time. Plaintiff indicates that she would like appointed counsel to assist her in avoiding future mistakes and taking the correct steps moving forward. Req. at 1. The Court appreciates that concern, but with this case in its infancy—Defendant having yet to appear, much less respond to the Complaint—"it is too early for the Court to determine [Plaintiff]'s likelihood of success on the merits." *Clack v. San Diego Sheriffs Dep't*, No. 08CV0624 IEG (RBB), 2009 WL 413030, at *2 (S.D. Cal. Feb. 18, 2009). Nor does Plaintiff assert, and the Court does not find, that the legal issues presented by the case are complex. Indeed, the Court was able to parse the general claim Plaintiff is pursuing and assess its jurisdiction to hear the same.

In sum, Plaintiff has adequately litigated the case thus far, the case is still in its infancy, and the Court currently is unable to determine how likely Plaintiff is to succeed on the merits of her claim. For these reasons, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. Accordingly, the Court **DENIES** Plaintiff's Request. Should circumstances change, Plaintiff may be permitted to file another motion for appointment of counsel.

With respect to jurisdiction, however, the Court has doubts. Plaintiff contends this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332, Compl. at 3, otherwise known as "diversity jurisdiction." "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). For the parties to be in complete diversity, "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, Plaintiff alleges that she resides in San Diego, California and that Defendant Martine Pina resides in Chula Vista, California. Compl. at 1–2. It, thus, appears unlikely

at this point that diversity jurisdiction exists. And the fact that Plaintiff points to a federal source of law in her Complaint does not mean that federal question jurisdiction exists either. As a general matter, "criminal statutes . . . do not give rise to civil liability." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). And as to 18 U.S.C. § 228, under which Plaintiff brings her claim, courts have been reluctant to find an implied private right of action. *See, e.g.*, *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 311–12 (2d Cir. 2000).

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** as to why jurisdiction exists over this matter. Plaintiff **SHALL** file a response to this Order <u>on or before June 4, 2025</u>.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Request for Appointment of Counsel (ECF No. 5) and **ORDERS** Plaintiff to **SHOW CAUSE** as to why this Court has subject matter over her claim. Should Plaintiff fail to respond to this Order as described above, the Court will enter a final order dismissing this civil action based both on lack of subject matter jurisdiction and Plaintiff's failure to prosecute in compliance with a court order requiring a response. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

Plaintiff is further reminded that, now that she has paid the filing fee in this matter, she remains responsible for completing her service requirements as prescribed by Federal Rule of Civil Procedure 4.

**IT IS SO ORDERED.**

Dated: May 9, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge