# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINA PINA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARTINE PINA,<br><br>　　　　　　　　　Defendant. | Case No.: 25-CV-386 JLS (SBC)<br><br>**ORDER:**<br><br>**(1) ORDERING PLAINTIFF TO SHOW CAUSE; AND**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, MOTION TO QUASH, AND MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT**<br><br>(ECF No. 9, 10, 11, 12) |

　　　Presently before the Court are three Motions filed by pro se Plaintiff Marcelina Pina. The first is a Motion for Extension of Time to Serve Defendant and Request for Permission to Serve by Alternative Means ("MET," ECF No. 9). The second is a Motion for Leave to File Amended Complaint ("FAC Mot.," ECF No. 11). And the third is a Motion to Quash ("Quash Mot.," ECF No. 12). Also before the Court is Plaintiff's Response to Order to Show Cause Regarding Subject Matter Jurisdiction ("OSC Resp.," ECF No. 10). Having carefully considered Plaintiff's filings and the law, the Court **RENEWS** its show-cause

order, and **DENIES AS MOOT** Plaintiff's Motion for Leave to File Amended Complaint, Motion to Quash, and Motion for Extension of Time.

## BACKGROUND

Plaintiff initiated this action on February 21, 2025, by filing a Complaint utilizing this district's form complaint. *See* ECF No. 1 ("Compl."). She appeared to raise one claim under 18 U.S.C. § 228, a federal statute criminalizing the failure to pay legal child support obligations when certain conditions are met related to the interstate nature of the unpaid obligation. Compl. at 3, 5. After the Court denied Plaintiff *in forma pauperis* status, ECF No. 4, Plaintiff paid the required $405 filing fee, ECF No. 6. Plaintiff also requested the Court appoint counsel to her case, ECF No. 5, but that request was denied, ECF No. 8 ("OSC Order").

At the same time it denied Plaintiff's request for appointment of counsel, the Court expressed apprehension about the existence of subject matter jurisdiction. The Court noted that Plaintiff and Defendant both reside in California, thus rendering diversity jurisdiction under 28 U.SC. § 1332 inapplicable. *Id.* at 3–4. The Court further noted that 18 U.S.C. § 228, the lone statute under which Plaintiff brought her case, likely does not create an implied private right of action, calling into question whether the Court may exercise federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at 4 (citing *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 311–12 (2d Cir. 2000)). Accordingly, on May 9, 2025, the Court ordered Plaintiff to show cause as to why jurisdiction exists over this matter. *Id.*

Plaintiff responded to the show-cause Order on June 4, 2025. *See* OSC Resp. She conceded that diversity jurisdiction does not exist over this action but argued that federal question jurisdiction does indeed exist. *Id.* at 1. Although Plaintiff recognized that she could not "enforce the criminal statute directly," she clarified that she is "invok[ing] the federal interest involved due to the interstate nature of the unpaid support and the substantial federal child support enforcement scheme." *Id.* Alternatively, Plaintiff sought leave to file a first amended complaint. FAC Mot. And separately, Plaintiff requested additional time to serve Defendant on the grounds that Defendant is actively evading

service of process, though on July 28, 2025, Plaintiff filed a Proof of Service. ECF No. 13.

## LEGAL STANDARD

"[T]his court has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)). "Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. When a plaintiff invokes federal question jurisdiction under § 1331, "[m]ost directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). Other times, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

"The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private right of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). "Instead, the statute must either explicitly create a right of action or implicitly contain one." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008). Legislative intent to create a private right of action is necessary for an implied private right of action under a criminal statute: "An evaluation of the other elements is not necessary if the court finds that Congress did not intend to create a private right of action." *Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1081 (9th Cir. 1981).

# ANALYSIS

Plaintiff responded to the show-cause Order by purporting "to invoke the federal interest involved due to the interstate nature of the unpaid support and the substantial federal child support enforcement scheme." OSC Resp. at 1. Alternatively, Plaintiff seeks leave to file a first amended complaint that asserts three causes of action: (1) willful concealment of income (fraud); (2) tax fraud under 26 U.S.C. §§ 7201, 7206, and 7207; and (3) interference with child support enforcement. *See* ECF No. 11-1.

The Court maintains its doubt that subject matter jurisdiction is proper in federal court for Plaintiff's claims. Plaintiff's insistence that 18 U.S.C. § 228 unlocks federal question jurisdiction remains unsupported by any precedent; indeed, the Second Circuit in *Alaji Salahuddin* comprehensively analyzed the statutory framework of the Child Support Recovery Act to conclude that "Congress did not intend to create a private right of action" in § 228. 232 F.3d at 312. The Eleventh Circuit reached the same conclusion more recently, *see McQueary v. Child Support Enf't*, 812 F. App'x 911, 914–15 (11th Cir. 2020), and countless district courts from across the country unanimously agree, *see, e.g.*, *Freeman v. Freeman*, No. 5:24-CV-351-BO-KS, 2024 WL 5150671, at *2 (E.D.N.C. Nov. 7, 2024) ("[T]he federal criminal statute invoked by Plaintiff, 18 U.S.C. § 228, does not create a private right of action."); *Treadway v. Soc. Sec. Admin.*, 2021 WL 694927, at *2 (E.D. Mo. Feb. 23, 2021) ("[T]he CSRA is a criminal statute that . . . neither confers civil jurisdiction over child support matters, nor implies a private right of action. It therefore provides no basis for this Court's subject matter jurisdiction."); *Cammack v. Foschini*, No. A-17-MC-557-SS, 2017 WL 7805750, at *1 (W.D. Tex. Aug. 31, 2017) (concluding that 18 U.S.C. § 228 "is a criminal statute and does not create an implied private right of action"). Each of those courts recognized that "[t]he dispositive question remains whether Congress intended to create" a private cause of action. *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 24 (1979). No such intent can be discerned when it comes to § 228.

Plaintiff tries in her Motion for Leave to File Amended Complaint to reconfigure her

causes of action to conform to the Court's jurisdictional constraints, but her proposed first amended complaint fares no better. Therein, Plaintiff invokes 26 U.S.C. §§ 7201, 7206, and 7207 to support federal question jurisdiction, but those statutes, like 28 U.S.C. § 228, are criminal provisions that do not give rise to a private right of action. A few years ago, this Court analyzed a similar claim under 26 U.S.C. § 7201 and found that "courts that have considered whether § 7201 provides for a private right of action have concluded that it does not." *Lemke v. Jander*, No. 20-CV-362 JLS (KSC), 2021 WL 778653, at *4 (S.D. Cal. Mar. 1, 2021) (first citing *McRae v. Norton*, No. 12-CV-1537 (KAM), 2012 WL 1268295, at *4 (E.D.N.Y. Apr. 13, 2012); and then citing *United Stats ex rel. Lissack v. Sakura Glob. Cap. Mkts., Inc.*, 377 F.3d 145, 153 (2d Cir. 2004)). Similarly, other courts have determined that Section 7206 "of the Internal Revenue Code also do[es] not grant a private right of action." *Karupaiyan v. Wipro Ltd.*, No. 3:23-2005 (GC) (TJB), 2023 WL 4896672, at *3 (D.N.J. July 31, 2023), *vacated in part on other grounds by*, No. 23-2424, 2025 WL 89076 (3d Cir. Jan. 14, 2025); *see also Rumfelt v. Jazzie Pools, Inc.*, No. 1:11cv217 (JCC/TCB), 2011 WL 2144553, at *5 (E.D. Va. May 31, 2011). Simply put, as the Internal Revenue Code itself establishes, "the administration and enforcement of [the tax laws] shall be performed by or under the supervision of the Secretary of the Treasury," not private litigants. 26 U.S.C. § 7801(a)(1).[1]

It is clear after reviewing Plaintiff's proposed first amended complaint that, at bottom, this case is about Plaintiff's pursuit to collect on child support payments she believes she is owed. *See generally* ECF No. 11-1. As sympathetic as the Court may feel towards Plaintiff's struggles, it can only stretch its judicial authority to the outer limits as

---

[1] Plaintiff offers two other causes of action in her proposed first amended complaint, but those claims arise from nothing more than common-law fraud, which does not implicate federal question jurisdiction. *See Nordblad v. Deutsche Bank Nat'l Tr. Co.*, No. CV 13-07542 DDP (VBKx), 2013 WL 6859273, at *1 (C.D. Cal. Dec. 30, 2013) ("The case does not does present any question of federal law, instead arising from common law fraud and state property laws."); *see also Miller v. Walt Disney Co. Channel 7 KABC*, No. 2:13-cv-06144-ODW(SHx), 2013 WL 12122677, at *1 (C.D. Cal. Sept. 30, 2013) ("And a common-law [fraud] claim is the antithesis of a federal question.").

permitted by Congress and the Constitution. In the event Plaintiff's claims are ill-suited for adjudication in federal court, she is free to bring her claims in state court, where the judicial authority is not constrained to the same extent as in federal court. *See Abdelqader v. Great Lakes Higher Educ. Corp.*, No. C 95-2484 FMS, 1996 WL 175960, at *1 (N.D. Cal. Apr. 3, 1996) ("State courts are not so limited; they are courts of general jurisdiction. Nothing in this order prevents plaintiff from filing this lawsuit in state court.").

Still, in light of Plaintiff's pro se status, the Court will permit Plaintiff one more opportunity to demonstrate the existence of subject matter jurisdiction. Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** as to why jurisdiction exists over this matter. Plaintiff **SHALL** file a response to this Order <u>on or before September 12, 2025</u>.

Moreover, because she may amend her Complaint once as a matter of course without the Court's intervention, the Court **DENIES AS MOOT** Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 11). The Court will also otherwise defer on addressing Plaintiff's concerns regarding service of process until it assures itself of subject matter jurisdiction; thus, Plaintiff's Motion to Quash Service of Process (ECF No. 12) is **DENIED AS MOOT**. And Plaintiff's Motion for Extension of Time to Serve Defendant (ECF No. 9) is likewise **DENIED AS MOOT** as Plaintiff has now filed a Proof of Service. *See* ECF No. 13.

## CONCLUSION

In light of the foregoing, the Court **ORDERS** Plaintiff to **SHOW CAUSE** as to why this Court has subject matter over her claims. The Court further **DENIES AS MOOT** Plaintiff's Motion for Extension of Time (ECF No. 9), Motion for Leave to File Amended Complaint (ECF No. 11) and Plaintiff's Motion to Quash (ECF No. 12).

/ / /
/ / /
/ / /
/ / /
/ / /

Should Plaintiff fail to respond to this Order as described above, the Court will enter a final order dismissing this civil action based both on lack of subject matter jurisdiction and Plaintiff's failure to prosecute in compliance with a court order requiring a response. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

**IT IS SO ORDERED.**

Dated: August 1, 2025

Hon. Janis L. Sammartino
United States District Judge