UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINA PINA, | Case No.: 25-CV-386 JLS (SBC) |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| MARTINE PINA, | |
| Defendant. | (ECF Nos. 1, 19) |

Presently before the Court is pro se Plaintiff Marcelina Pina's Response to Order to Show Cause and Request to Amend Complaint ("OSC Resp.," ECF No. 19). Having carefully considered Plaintiff's filings and the law, the Court **DISMISSES WITHOUT PREJUDICE** all claims against Defendant Martine Pina ("Defendant") for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff initiated this action on February 21, 2025, by filing a Complaint utilizing this district's form complaint. *See* ECF No. 1 ("Compl."). She appeared to raise one claim under 18 U.S.C. § 228, a federal statute criminalizing the failure to pay legal child support obligations when certain conditions are met related to the interstate nature of the unpaid obligation. Compl. at 3, 5. After the Court denied Plaintiff *in forma pauperis* status, ECF No. 4, Plaintiff paid the required $405 filing fee, ECF No. 6. Plaintiff also requested the

Court appoint counsel to her case, ECF No. 5, but that request was denied, ECF No. 8.

At the same time it denied Plaintiff's request for appointment of counsel, the Court expressed apprehension about the existence of subject matter jurisdiction. The Court noted that Plaintiff and Defendant both reside in California, thus rendering diversity jurisdiction under 28 U.SC. § 1332 inapplicable. *Id.* at 3–4. The Court further noted that 18 U.S.C. § 228, the lone statute under which Plaintiff brought her case, likely does not create an implied private right of action, calling into question whether the Court may exercise federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at 4 (citing *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 311–12 (2d Cir. 2000)). Accordingly, on May 9, 2025, the Court ordered Plaintiff to show cause as to why jurisdiction exists over this matter. *Id.*

Plaintiff responded to the show-cause Order on June 4, 2025. *See* ECF No. 10. She conceded that diversity jurisdiction does not exist over this action but argued that federal question jurisdiction does indeed exist. *Id.* at 1. Although Plaintiff recognized that she could not "enforce the criminal statute directly," she clarified that she was "invok[ing] the federal interest involved due to the interstate nature of the unpaid support and the substantial federal child support enforcement scheme." *Id.* Alternatively, Plaintiff sought leave to file a first amended complaint. *See* ECF No. 11. And separately, Plaintiff requested additional time to serve Defendant on the grounds that Defendant is actively evading service of process, though on July 28, 2025, Plaintiff filed a Proof of Service. ECF No. 13.

On August 1, the Court renewed its Order to Show Cause and denied as moot Plaintiff's Motion for Leave to File Amended Complaint, Motion to Quash, and Motion for Extension of Time to Serve Defendant ("OSC," ECF No. 17). The Court found that 18 U.S.C. § 228, and 26 U.S.C. §§ 7201, 7206, and 7202 are criminal provisions that do not create an implied private cause of action, and therefore, do not invoke federal question jurisdiction. *Id.* at 4–5. The Court ordered Plaintiff to show cause "as to why this Court has subject matter over her claims." *Id.* at 6.

Plaintiff responded to the Court's second Order to Show Cause on September 4,

2025.  *See* OSC Resp.  Plaintiff now argues that this Court has jurisdiction based on 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and Title VI of the Civil Rights Act.  *Id.* at 1.  Plaintiff requests leave to amend her complaint to include these causes of action based on the alleged civil rights violations committed by both Defendant, Martine Pina, and the San Diego Department of Child Support Services ("DCSS").[1]  *Id.*  Plaintiff further requests leave to add DCSS as a defendant.  *Id.*

## LEGAL STANDARD

"[T]his court has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction."  *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)).  "Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'"  *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332.  When a plaintiff invokes federal question jurisdiction under § 1331, "[m]ost directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted."  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016).  Other times, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

---

[1] DCSS is not a Defendant in this action.

# ANALYSIS

Plaintiff responded to the second Order to Show Cause by attempting to invoke the Court's federal question jurisdiction under 42 U.S.C. § 1983, the ADA, the Rehabilitation Act, and Title VI of the Civil Rights Act. *See* OSC Resp. Plaintiff raises these allegations against DCSS and, presumably, although unclear, Defendant Martine Pina as well.

Plaintiff maintains that her three minor children have been medically diagnosed with autism spectrum disorder and/or attention deficit hyperactivity disorder (ADHD). *Id.* at 1. She argues that these disabilities are protected under federal law, citing 42 U.S.C. § 12132, and that "County and DCSS officials consistently ignored their needs, denied access to necessary resources, and refused enforcement of court-mandated child support orders." *Id.* She alleges that, under the ADA and Section 504 of the Rehabilitation Act, DCSS failed to make reasonable accommodation by ignoring medical documentation and refusing to collect child support from Defendant. *Id.* Plaintiff further alleges that the "County" violated Title VI of the Civil Rights Act by "discriminating against [her] based on national origin" because she was "told not to speak Russian to [her] children" and her "filings were disregarded repeatedly." *Id.* Plaintiff's only mention of Defendant is that he "falsely claimed unemployment while hiding assets." *Id.* at 2.

As a preliminary matter, Plaintiff has not raised any new statutory grounds creating subject matter jurisdiction over Defendant. Almost all of Plaintiff's Response discusses alleged wrongdoing of DCSS. *See generally* OSC Resp. Plaintiff includes in her Response two supplementary statements directing allegations of civil rights and statutory violations against DCSS—not Defendant.[2] *Id.* at 6–8. While it is possible that these allegations have merit, DCSS is not a defendant in the current action, and in its Order to Show Cause, the Court directed Plaintiff to demonstrate the Court's jurisdiction over the present action with Defendant. *See* OSC. Construing pro se Plaintiff's Response liberally, the Court will

---

[2] These statements are, respectively: "Statement on Federal Abuse, Harm to Children, and Precedent" and "Supplemental Statement—Eviction Proceedings Caused by DCSS Neglect."

assume that Plaintiff meant for the new statutory allegations to apply to Defendant as well as DCSS.

Regarding 42 U.S.C. § 1983, Plaintiff fails to allege that § 1983 can apply to the allegations against Defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant acts under color of state law when she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). It is unclear what "right secured by the Constitution and laws of the United States" Plaintiff alleges that Defendant deprived her of. The sole allegation against Defendant, and not DCSS, is that he "falsely claimed unemployment while hiding assets." OSC Resp. at 2.

Further, Plaintiff makes no allegations that Defendant was acting "under color of law." There is a two-part test for determining whether a private party is acting under color of law. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* (stating that this may be because she "is a state official," "has acted together with or has obtained significant aid from state officials," or because her conduct "is otherwise chargeable to the State"). Therefore, because Defendant is a private individual who has not been acting "under color of law," § 1983 does not provide Plaintiff a cause of action creating subject matter jurisdiction.

Further, insofar as Plaintiff attempts to create jurisdiction through the ADA or the Rehabilitation Act, Defendant is also not a proper defendant, and thus Plaintiff cannot rely

upon these statutes to invoke the Court's jurisdiction.[3]  The ADA only applies to public entities, not individuals.  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *see also Tingirides v. California Dep't of Corrs. and Rehab.*, No. 5:18-cv-02098-AG (MAA), 2018 WL 6528013, at *4–5 (C.D. Cal. Dec. 12, 2018) (dismissing an ADA claim against a warden and prison doctor because asserting ADA claims against them in their individual capacities was improper).  Additionally, the Rehabilitation Act applies to "federally funded programs," not individuals.  *Id.*

Moreover, Plaintiff cannot create jurisdiction through Title VI of the Civil Rights Act because only public and private entities can be held liable under Title VI.[4]  *See, e.g.*, *Price ex rel. Price v. Louisiana Dept. of Educ.*, 329 F. App'x 559, 560–61 (5th Cir. 2009) ("[T]he district court correctly noted that only public and private entities can be held liable under Title VI."); *Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003) ("It is beyond question … that individuals are not liable under Title VI.").

Therefore, Plaintiff has failed to demonstrate the existence of subject matter jurisdiction over her claims against Defendant Martine Pina.  Accordingly, all claims against Defendant are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  As there are no jurisdictional grounds for the current suit, amendment to add DCSS is improper.  If Plaintiff would like to bring her causes of action against DCSS she

---

[3] To state a claim under the ADA, a plaintiff must allege: (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of some *public entity's* services, programs, or activities; (3) she was either excluded from participation in or denied the benefits of the *public entity's* services, programs, or activities, or was otherwise discriminated against by the *public entity*; and (4) such exclusion, denial of benefits, or discrimination was by reason of her disability.  *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *rev'd on other grounds en banc*, *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).  Similarly, to state a Rehabilitation Act claim, a plaintiff must allege: (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit; (3) she was denied the benefits of the program solely by reason of her disability; and (4) the program receives *federal financial assistance.*  *See O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007).

[4] Under Title VI of the Civil Rights Act of 1964, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any *program or activity receiving Federal financial assistance*."  42 U.S.C. § 2000d (emphasis added).

may file a separate complaint in a new action.

As sympathetic as the Court may feel towards Plaintiff and her situation, it can only stretch its judicial authority to the outer limits as permitted by Congress and the Constitution. Plaintiff's claims against Defendant are ill-suited for adjudication in federal court, but she is free to bring them in state court, where the judicial authority is not constrained to the same extent as in federal court. *See Abdelqader v. Great Lakes Higher Educ. Corp.*, No. C 95-2484 FMS, 1996 WL 175960, at *1 (N.D. Cal. Apr. 3, 1996) ("State courts are not so limited; they are courts of general jurisdiction. Nothing in this order prevents plaintiff from filing this lawsuit in state court.").

## CONCLUSION

In light of the foregoing, the Court **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 25, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge